IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY ED JONES § | | |
|     TDCJ-CID NO. 1346602 § | | |
| v. § | | C.A. NO. C-11-147 |
| § | | |
| RICK THALER[1] § | | |

### MEMORANDUM AND RECOMMENDATION TO
### GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the Neal Unit in Amarillo, Texas. On April 18, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1, 2). Pending is Respondent's motion for summary judgment arguing that the action is time-barred. (D.E. 11). Petitioner filed a response on June 29, 2011. (D.E. 16). For the reasons that follow, it is respectfully recommended that Respondent's motion for summary judgment be granted, and that this habeas petition be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

---

[1] As Director of the Texas Department of Criminal Justice - Correctional Institutions Division, Rick Thaler is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted in Kenedy County, Texas. (D.E. 13-6, at 4-9). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

## II. PETITIONER'S ALLEGATIONS

Petitioner articulates four grounds for habeas relief: 1) that his right to sentencing by jury was violated; 2) that he was denied effective assistance of appellate counsel; 3) that the court of appeals improperly failed to consider one of his points of error; and 4) that the trial court subjected him to double jeopardy. (D.E. 1-1, at 2-3). He seeks habeas relief and an evidentiary hearing. (D.E. 1, 2, 16).

## III. BACKGROUND

On January 9, 2006, Petitioner was convicted of committing manslaughter while intoxicated and driving while intoxicated with a child passenger and sentenced to fifteen years in state prison. (D.E. 13-6, at 4-9). The court of appeals affirmed his conviction on July 5, 2007. Jones v. State, No. 13-05-774, 2007 WL 1933578 (Tex. App. July 5, 2007) (unpublished). On August 5, 2010, Petitioner filed for state habeas relief with his trial court. (D.E. 13-14, at 15-63). The trial court recommended denial of the application, (D.E. 13-14, at 12), and, on February

2

16, 2011, the Court of Criminal Appeals denied habeas relief for the reasons suggested by the trial court. Ex Parte Jones, No. WR-75201-01, 2011 WL 1168395 (Tex. Crim. App. Feb. 16, 2011) (per curiam) (unpublished).

## IV. DISCUSSION

Respondent argues that the petition should be dismissed as time-barred. (D.E. 11).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any,

3

which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams, 836 F.2d at 960 (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). The Fifth Circuit has instructed lower courts to construe pro se habeas petitions liberally. Koch v. Puckett, 907 F.2d 524, 530 (5th Cir.

4

1990).

**B.     The Petition Is Untimely.**

Respondent moves for summary judgment on grounds of timeliness. (D.E. 11).

    **1.     Petitioner's claim was filed outside of the limitations period.**

The AEDPA provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u> Nevertheless, certain actions will toll the limitations period. For example, while a prisoner seeks state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent contends that the limitations period began running on August 4, 2007, a month after the court of appeals affirmed his conviction. (D.E. 11, at 4). As a result, he argues, the deadline fell on August 5, 2008, and the petition was filed more than thirty-two months late. <u>Id.</u> Respondent submits that Petitioner's state habeas application did not toll the statute of limitations because it was likewise filed after the period had already closed. <u>Id.</u>

Petitioner suggests that his claim involves a right recently recognized by the Supreme Court. (D.E. 16, at 3). However, he fails to identify the right or the case recognizing it. To the extent that Petitioner states claims cognizable on federal habeas review, they relate to rights established by the Supreme Court long before he was convicted. <u>See</u>, <u>e.g.</u>, <u>Benton v. Maryland</u>, 395 U.S. 784, 793-96 (1969) (recognizing right against double jeopardy) (citations omitted); <u>Evitts v. Lucey</u>, 469 U.S. 387, 401-02 (1985) (recognizing right to effective assistance of appellate

6

counsel) (citations omitted).[2] Petitioner has not advanced an argument for why or how any recent Supreme Court decisions acknowledged rights that he now claims, and research does not disclose the availability of such an argument. Consequently, 28 U.S.C. § 2244(d)(1)(C) does not apply. Moreover, Petitioner does not suggest that the state created any impediment to his claim, the record does not indicate that it did, and 28 U.S.C. § 2244(d)(1)(B) is therefore irrelevant as well.

The only claim that was not available immediately after Petitioner's conviction at trial is his complaint that appellate counsel failed to appeal the effectiveness of trial counsel, and that claim would by definition have been discoverable through due diligence upon the filing of the appeal. By process of elimination, 28 U.S.C. § 2244(d)(1)(A) establishes the latest possible start-date for the limitations period, and it is consequently the applicable provision.

Petitioner's conviction was affirmed on direct appeal on July 5, 2007. Jones, 2007 WL 1933578. He did not petition the Texas Court of Criminal Appeals for discretionary review. As a result, his conviction became final for

---

[2] Petitioner's remaining claims–that he was not sentenced by a jury and that the appellate court failed to adequately review his case–do not state claims cognizable on federal habeas review. See Clemons v. Mississippi, 494 U.S. 738, 745-46 (1990) (no constitutional right to sentencing by jury); see also Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 784 (2011) (omissions of written state court opinions are irrelevant to federal habeas claim). In any event, to the extent these claims invoke constitutional rights, Petitioner has not indicated any recent Supreme Court cases expanding them to encompass his circumstances, and research does not reveal any.

purposes of federal habeas review on August 4, 2007, and he had until August 5, 2008 to seek relief pursuant to 28 U.S.C. § 2254. See Roberts v. Cockrell, 319 F.3d 690, 693-95 (5th Cir. 2003) (for a Texas convict who declines to file for discretionary review from the Texas Court of Criminal Appeals, judgment becomes final for AEDPA purposes thirty days after the conviction is affirmed on direct appeal). He filed his habeas petition in state court on August 5, 2010, (D.E. 13-14, at 15-63), and in federal court on April 18, 2011. (D.E. 1-1 at 4). Contrary to Petitioner's evident belief, (D.E. 16, at 2), the former was too late to toll the statute, see Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the AEDPA limitations period has expired does not toll the statute), and the latter was therefore substantially outside the permissible window. Accordingly, it is respectfully recommended that the petition was filed outside the limitations period.

### 2. Petitioner is not entitled to equitable tolling.

Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The doctrine is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[] a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).  The Supreme Court has recently reminded that, when evaluating equitable tolling, habeas "courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2263 (2010).

    A careful review of the record does not reveal any potentially "rare and exceptional" circumstances, Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted), and Petitioner is consequently not entitled to equitable tolling.  Accordingly, it is respectfully recommended that his petition be dismissed as time-barred.

**C.      Petitioner Is Not Entitled To An Evidentiary Hearing.**

Petitioner moves for an evidentiary hearing. (D.E. 2, at 7). An evidentiary hearing should be held regarding a habeas claim filed by a petitioner who has not received a state court hearing when "(1) he alleges facts which, if proved, would entitle him to relief and (2) the record reveals a genuine factual dispute as to these alleged facts." Johnson v. Estelle, 704 F.2d 232, 239 (5th Cir. 1983) (citing Townsend v. Sain, 372 U.S. 293 (1963)); see also Murphy v. Johnson, 205 F.3d 809, 815-17 (5th Cir. 2000) (discussing basis for evidentiary hearing). Neither criteria is fulfilled and it is therefore respectfully recommended that Petitioner's request for an evidentiary hearing be denied.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because "[a]rguably, ... [it] is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on

the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). For claims that district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). Reasonable jurists could not dispute whether the petition is time-barred and it is therefore respectfully recommended that the Court find Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 11), be granted and this habeas petition, (D.E. 1), dismissed. Moreover, it is respectfully recommended that

Petitioner's request for an evidentiary hearing be denied. Finally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

    Respectfully submitted this 14th day of July 2011.

                                             _____
                                             BRIAN  L. OWSLEY
                                           UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).